UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-1516-___-___

Samuel Goldsmith,

    Plaintiff,

v.

Experian Information Solutions, Inc.;
Equifax Information Services, LLC;
Trans Union, LLC; and,
Social Finance, Inc. a/k/a SoFi Lending Corp.
a/k/a "SoFi"

    Defendants.

## COMPLAINT AND JURY DEMAND

Comes now Samuel Goldsmith, through his undersigned counsel, hereby makes his Complaint

and Jury Demand.

### PARTIES

    1.    Plaintiff Samuel Goldsmith is a Colorado consumer with an address of 5040 Akron St, Denver, CO 80238.

    2.    Defendant Experian Information Solutions, Inc is located at 475 Anton Boulevard, Costa Mesa, CA 92626.

    3.    Defendant Equifax Information Services, LLC is located at 1550 Peachtree St. NW, Atlanta, GA 30309.

4. Defendant Trans Union, LLC is located at 555 W Adams St., Chicago, IL 60661.

5. Defendant Social Finance, Inc. a/k/a Sofi Lending Corp a/k/a "SoFi" (herein, "SoFi"0 is located at 375 Healdsburg Ave, Suite 2, Healdsburg, CA 95448.

## JURISDICTION

6. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681(p) because the claims arise under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8. On or about January 1, 2016, Mr. Goldsmith took out a personal loan from SoFi in the amount of $25,080.

9. When Mr Goldsmith opened the account, he gave permission and set it up for automatic monthly payments at an account he had at Wells Fargo bank.

10. Before the second payment was due, Mr. Goldsmith informed SoFi that he had closed that account and provided account information for automatic withdrawal from Huntington Bank.

11. Despite Mr. Goldsmith's instructions, SoFi attempted to withdraw payments from the closed Wells Fargo account.

12 Mr. Goldsmith contacted the creditor several more times both via telephone and in writing and provided it with information for the Huntington Bank account.

2

13. Despite Mr. Goldsmith's instructions, SoFi would continue to attempt to withdraw from the closed Wells Fargo bank account, not the Huntington Bank account.

14. Each time SoFi would fail to collect from the closed Wells Fargo account, it would charge Mr. Goldsmith unjustifiable fees and interest.

15. Mr. Goldsmith always had money to bring the account current.

16. In or about November 2016 after Mr. Goldsmith made a payment of $2,155.44 to get the account current of over SoFi refused to accept any more payments, charged off the account, and reported to credit reporting agencies that Mr. Goldsmith had defaulted.

17. Mr. Goldsmith made several more attempts to get SoFi to correct the error, each time offering to bring the account current, but SoFi refused.

18. On or about February 13, 2017, Mr. Goldsmith disputed his credit information by sending letters to defendants Equifax, Experian, and TransUnion (collectively the "Credit Reporting Agencies", or "CRAs").

19. On or about February 13, 2017, Mr. Goldsmith also sent correspondence to SoFi informing it of the credit disputes and asking it to correct its records. Mr. Goldsmith also included copies of the three letters he had sent to Equifax, Experian and TransUnion.

20. The Credit Reporting Agencies failed to conduct an adequate investigation.

21. SoFi failed to conduct an adequate investigation or even respond to Mr. Goldsmith's dispute.

22. Mr. Goldsmith's credit report continues to reflect this error.

23. As a result of the inaccurate reporting, Mr. Goldsmith has been denied loans or failed to qualify for prime rates, as he would have an excellent credit score without this inaccurate reporting.

24. As a result, Mr. Goldsmith suffered damages.

### FIRST CLAIM FOR RELIEF
(FCRA - Experian)

25. Mr. Goldsmith incorporates all allegations of this Complaint as if fully set forth herein.

26. Experian violated 15 U.S.C. 1681e(b) by failing to maintain procedures to ensure the maximum possible accuracy on Mr. Goldsmith's credit report.

27. Experian violated 15 U.S.C. 1681i by failing to conduct a reasonable reinvestigation into Mr. Goldsmith's dispute, by failing to delete the inaccurate information from Mr. Goldsmith's credit file after it could not be verified, by failing to properly review and consider Mr. Goldsmith's dispute and all relevant information.

28. Experian's violations of the FCRA was a cause of the Mr. Goldsmith's actual damages, including reduction in credit score, having false and misleading information on his credit report, harm to reputation, stress, and worry.

29. Upon information and belief, the SoFi tradeline was a substantial factor in Mr. Goldsmith's loan applications being denied after Experian's reinvestigation took place.

30. Experian's violations of the FCRA were negligent, thus entitling Mr. Goldsmith to actual damages, plus attorney fees and costs.

## SECOND CLAIM FOR RELIEF
(FCRA - Equifax)

31. Mr. Goldsmith incorporates all allegations of this Complaint as if fully set forth herein.

32. Equifax violated 15 U.S.C. 1681e(b) by failing to maintain procedures to ensure the maximum possible accuracy on Mr. Goldsmith's credit report.

33. Equifax violated 15 U.S.C. 1681i by failing to conduct a reasonable reinvestigation into Mr. Goldsmith's dispute, by failing to delete the inaccurate information from Mr. Goldsmith's credit file after it could not be verified, by failing to properly review and consider Mr. Goldsmith's dispute and all relevant information.

34. Equifax 's violations of the FCRA was a cause of the Mr. Goldsmith's actual damages, including reduction in credit score, having false and misleading information on his credit report, harm to reputation, stress, and worry.  Mr. Goldsmith also believes that the SoFi tradeline was a substantial factor in Mr. Goldsmith's loan applications being denied after Trans Union's reinvestigation took place.

35. Equifax's violations of the FCRA were negligent, thus entitling Mr. Goldsmith to actual damages, plus attorney fees and costs.

## THIRD CLAIM FOR RELIEF
(FCRA - Trans Union)

36. Trans Union violated 15 U.S.C. 1681e(b) by failing to maintain procedures to ensure the maximum possible accuracy on Mr. Goldsmith's credit report.

5

37. Trans Union violated 15 U.S.C. 1681i by failing to conduct a reasonable reinvestigation into Mr. Goldsmith's dispute, by failing to delete the inaccurate information from Mr. Goldsmith's credit file after it could not be verified, by failing to properly review and consider Mr. Goldsmith's dispute and all relevant information, and by failing to forward all relevant information to the data furnisher, SoFi.

38. Trans Union's violations of the FCRA was a cause of the Mr. Goldsmith's actual damages, including reduction in credit score, having false and misleading information on his credit report, harm to reputation, stress, and worry. Mr. Goldsmith also believes that the SoFi tradeline was a substantial factor in Mr. Goldsmith's loan applications being denied after Trans Union's reinvestigation took place.

39. Trans Union's violations of the FCRA were negligent, thus entitling Mr. Goldsmith to actual damages, plus attorney fees and costs.

## FOURTH CLAIM FOR RELIEF
(FCRA - SoFi)

40. SoFi violated 15 U.S.C. 1681s-2(b) by failing to conduct a reasonable investigation into Mr. Goldsmith's dispute, failing to review all relevant information provided to it by the credit reporting agencies, and by failing to delete the inaccurate information after it could not be verified as correct.

41. SoFi's violations of the FCRA was a cause of the Mr. Goldsmith's actual damages, including reduction in credit score, having false and misleading information on his credit report, harm to reputation, stress, and worry. Mr. Goldsmith also believes that the SoFi tradeline was a

substantial factor in Mr. Goldsmith's loan applications being denied after Experian's reinvestigation took place.

42. SoFi's violations of the FCRA were negligent, thus entitling Mr. Goldsmith to actual damages, plus attorney fees and costs.

43. In the alternative, SoFi's violations of the FCRA were willful and wanton and intentional, as evidenced by its failure to even respond to Mr. Goldsmith's dispute, thus entitling Mr. Goldsmith to statutory damages.

WHEREFORE, Plaintiff prays for the following relief:

a. actual damages to be determined at trial;

b. Attorney fees and costs.

c. For an order directing all the Defendants to delete the inaccurate information from Plaintiff's credit report.

Dated: June 22, 2017

s/ Eric R. Coakley
CoakleyKrol, LLC
2373 Central Park Blvd.
Denver, CO 80238
(303)803-1611
coakley@coakleykrol.com
